UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael Andrew Schlegel,

   Petitioner,

v.

Rachel K. Paulose,[1]

   Respondent.

**MEMORANDUM OPINION AND ORDER**
Civ. No. 07-4032 ADM/JSM

_____

Michael Andrew Schlegel, *pro se*.

Cameron W. Hayden, Esq., Assistant United States Attorney, Bismarck, ND, on behalf of Respondent.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Respondent Rachel K. Paulose's ("Respondent") Motion to Dismiss [Docket No. 5] Petitioner Michael Andrew Schlegel's ("Petitioner") Petition for Writ of Mandamus [Docket No. 1]. For the reasons set forth herein, Respondent's Motion to Dismiss is granted.

## II. BACKGROUND

Petitioner alleges that Respondent, the former United States Attorney for the District of Minnesota, has convened a grand jury to review evidence of Schlegel's participation in a Ponzi scheme. Petition at 1. Petitioner alleges that Travis Correll ("Correll"), Petitioner's former business associate, caused Petitioner to "unwittingly" participate in the alleged Ponzi scheme during the years 2002 through 2005. Id. ¶¶ 1-18. Petitioner asserts that "[f]rom information and

---

[1] As of January 6, 2008, Rachel K. Paulose is no longer the United States Attorney for the District of Minnesota. Frank J. Magill, Jr., has been named the Acting United States Attorney.

belief the United States Attorney's Office in Minneapolis is planning to use Travis Correll against other people in his 'down line' to 'testify down' against his own victims in order to facilitate forfeitures for the Government and is going to perjure himself in order to do so." Id. ¶ 23. Although Petitioner has yet to be indicted for any crime, he seeks a writ of mandamus ordering Respondent to:

    (1)    Allow Petitioner Michael Andrew Schlegel to challenge each and every member of the federal grand jury that is to investigate him for legal qualifications and for bias before he is indicted;

    (2)    Maintain a record of each and every grand jury member voting to indict on a ballot or concurrence form, by name;

    (3)    Institute proceedings and instructions in order to comply with Federal Rule of Criminal Procedure 6(b)(1) and (2); and

    (4)    Such other relief as this Court deems just, proper, and equitable.

Id. at 14.

### III. DISCUSSION

**A.   Standard of Review**

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994); Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993). Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party. Ossman, 825 F. Supp. at 880. "A motion to dismiss should be granted as a practical matter . . . only in the unusual case in which the plaintiff

includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

**B.     Respondent's Motion to Dismiss**

Rule 81(b) of the Federal Rules of Civil Procedure abolished the writ of mandamus in civil actions in federal district courts. However, the Mandamus Act, 28 U.S.C. § 1361, provides that "[t]he district courts shall have original jurisdiction in any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Therefore, the Court construes Petitioner's Petition as seeking relief under the Mandamus Act. "Mandamus may issue under section 1361 against an officer of the United States 'only when the plaintiff has a clear right to relief, the defendant has a clear duty to perform the act in question, and the plaintiff has no adequate alternative remedy.'" Longie v. Spirit Lake Tribe, 400 F.3d 586, 591 (8th Cir. 2005) (quoting Borntrager v. Stevas, 772 F.2d 419, 420 (8th Cir. 1985)). Petitioner's Petition for mandamus relief under 28 U.S.C. § 1361 must be denied because his claims fail to satisfy these requirements.

**1.     Pre-Indictment Challenge to the Qualifications of Sitting Grand Jurors**

Petitioner's request for an order allowing him to challenge individual grand jury members before he is indicted must be denied because Petitioner lacks standing to bring such a challenge. Federal Rule of Criminal Procedure 6(b)(1) provides that "[e]ither the government or a defendant may challenge the grand jury on the ground that it was not lawfully drawn, summoned, or selected, and may challenge an individual juror on the ground that the juror is not legally qualified." Petitioner is not currently a defendant. Therefore, Petitioner is not entitled under Rule 6(b)(1) to challenge grand jury members.

Even if Petitioner were a defendant, his requested relief must still be denied. Petitioner's challenge to individual grand jury members would require the disclosure of the names of the grand jurors. However, the Supreme Court "has recognized the long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." Dennis v. United States, 384 U.S. 855, 869 (1966) (quotation omitted). Therefore, criminal defendants "are not normally entitled to the names of the members of the grand juries that indicted them" because such disclosure "could facilitate intimidation of or retaliation against those grand jurors." In re Grand Jury Investigation, 903 F.2d 180, 182 (3d Cir. 1990). A party requesting the names of grand jurors must show a particularized need for the information. United States v. Hansel, 70 F.3d 6, 8 (2d Cir. 1995); see also 28 U.S.C. 1867(d) (stating that criminal defendant challenging grand jury selection procedures must file "a sworn statements of facts which, if true, would constitute a substantial failure to comply with" grand jury selection requirements). Petitioner has not alleged a basis for challenging the selection of the grand jury or the qualifications of any of its members. Therefore, for this alternative reason, Petitioner is not entitled to challenge the grand jurors who are allegedly investigating him.

Finally, Petitioner's request for an order under 28 U.S.C. § 1361 allowing him to challenge sitting grand jury members must be denied because an adequate alternative remedy exists. Federal Rule of Criminal Procedure 6(b) and the Jury Selection and Service Act ("Jury Act"), 28 U.S.C. §§ 1861-1878, provide an effective mechanism for an indicted criminal defendant to challenge the grand jury or an individual grand juror. Moreover, the Jury Act provides that "[t]he procedures prescribed by this section shall be the exclusive means by which a person accused of a Federal crime . . . may challenge any jury on the ground that such jury was

not selected in conformity with the provisions of this title." 28 U.S.C. § 1867(e). Petitioner has an adequate alternative remedy. Therefore, the Court dismisses Petitioner's request for a 28 U.S.C. § 1361 mandamus order allowing him to challenge sitting grand jury members before an indictment is returned against him.

> 2. **Respondent Does Not Have a Duty to Record the Names of Grand Jury Members Who Concur in an Indictment**

Petitioner also seeks an order requiring Respondent to "[m]aintain a record of each and every grand jury member voting to indict on a ballot or concurrence form, by name." Petition at 14. Respondent does not have a duty to prepare a concurrence form. Instead, Federal Rule of Criminal Procedure 6(c) only imposes a duty on the grand jury's foreperson: "The foreperson—or another juror designated by the foreperson—will record the number of jurors concurring in every indictment and will file the record with the clerk, but the record may not be made public unless the court so orders." Moreover, Rule 6 does not require the foreperson to record the names of grand jurors who concur in an indictment.

> 3. **Respondent Does Not Maintain Records Regarding Grand Juries**

Petitioner also requests that this Court issue an order under 28 U.S.C. § 1361 requiring Respondent to "[i]nstitute proceedings and instructions in order to comply with Federal Rule of Criminal Procedure 6(b)(1) and (2)." Petition at 14. In his brief, Petitioner clarifies that he seeks an order requiring Respondent to record (1) the names of grand jurors who concur in an indictment, and (2) the qualifications of grand jurors. Petitioner's Mem. in Supp. of Objections to Resp't's Mot. to Dismiss [Docket No. 9] at 5. As discussed above, neither Respondent nor the grand jury's foreperson has a duty to record the names of the grand jurors who concur in an indictment. Therefore, Petitioner is not entitled to an order requiring that such a record be kept.

Finally, Respondent does not have a duty to maintain records regarding the qualifications of grand jurors. The Jury Act imposes a duty on the clerk of a district court to maintain certain records regarding jurors and grand jurors. <u>See</u> 28 U.S.C. § 1865 (setting forth procedures for determining qualifications for jury service); 28 U.S.C. § 1868 (setting forth procedures for maintenance and inspection of records). Therefore, the Court denies Petitioner's request for a 28 U.S.C. § 1361 mandamus order that Respondent maintain records regarding the qualifications of grand jurors. Petitioner has failed to state a claim upon which relief can be granted. Therefore, Respondent's Motion to Dismiss is granted.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Respondent Rachel K. Paulose's Motion to Dismiss [Docket No. 5] is **GRANTED**; and

2. Petitioner Michael Andrew Schlegel's Petition for Writ of Mandamus [Docket No. 1] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 9, 2008.